UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STEPHEN HANNA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:19-cv-04413-SEB-TAB |
| ) | |
| JACKSON, et al. ) | |
| ) | |
| Defendants. ) | |

**ORDER GRANTING DEFENDANTS' UNOPPOSED MOTION
FOR PARTIAL SUMMARY JUDGMENT**

Stephen Hanna is an Indiana prisoner. He brings this lawsuit alleging deliberate indifference to a serious medical need and a violation of due process at Pendleton Correctional Facility. Specifically, Mr. Hanna claims that defendants Lt. Jackson and Officer Houchins confiscated his medically prescribed orthopedic shoes without notice.

The defendants have moved for summary judgment on Mr. Hanna's Eighth Amendment claims. Mr. Hanna has not filed a response, and the time to do so has passed. For the reasons explained below, the motion for summary judgment is **GRANTED**.

Although the defendants have not moved for summary judgment on Mr. Hanna's due process claims, the Court finds that the uncontradicted evidence supports summary judgment on these claims as well. In accordance with Federal Rule of Civil Procedure 56(f), the Court gives Mr. Hanna notice and an opportunity to respond to the Court's finding. Mr. Hanna has through **March 18, 2022**, to file a response. Failure to meet this deadline will result in summary judgment for the defendants on his due process claims and dismissal of the action. If Mr. Hanna files a response, the defendants will have **fourteen days after service of the response** to file a reply.

## I. SUMMARY JUDGMENT STANDARD

Parties in a civil dispute may move for summary judgment, which is a way of resolving a case short of a trial. *See* Fed. R. Civ. P. 56(a). Summary judgment is appropriate when there is no genuine dispute as to any of the material facts, and the moving party is entitled to judgment as a matter of law. *Id.*; *Pack v. Middlebury Com. Schools*, 990 F.3d 1013, 1017 (7th Cir. 2021). A "genuine dispute" exists when a reasonable factfinder could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Material facts" are those that might affect the outcome of the suit. *Id.*

When reviewing a motion for summary judgment, the Court views the record and draws all reasonable inferences from it in the light most favorable to the nonmoving party. *Khungar v. Access Community Health Network*, 985 F.3d 565, 572–73 (7th Cir. 2021). The Court is only required to consider the materials cited by the parties, *see* Fed. R. Civ. P. 56(c)(3); it is not required to "scour every inch of the record" for evidence that is potentially relevant. *Grant v. Tr. of Ind. Univ.,* 870 F.3d 562, 573-74 (7th Cir. 2017).

Mr. Hanna failed to respond to the summary judgment motion. Accordingly, the facts alleged in the motion are "admitted without controversy" so long as support for them exists in the record. *See* S.D. Ind. L.R. 56-1(f); *see* S.D. Ind. L.R. 56-1(b) (party opposing judgment must file response brief and identify disputed facts). "Even where a non-movant fails to respond to a motion for summary judgment, the movant 'still has to show that summary judgment is proper given the undisputed facts.'" *Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021) (cleaned up) (quoting *Yancick v. Hanna Steel Corp.*, 653 F.3d 532, 543 (7th Cir. 2011)); *see also Gupta v. Melloh*, no. 19-2723, at *7 (7th Cir. Dec. 6, 2021) (slip op.) ("Taking the facts in the light most favorable to the non-moving party does not mean that the facts must come only from the non-

moving party. Sometimes the facts taken in the light most favorable to the non-moving party come from the party moving for summary judgment or from other sources.").

## II. BACKGROUND

During the time relevant to this lawsuit, Mr. Hanna was an inmate at Pendleton Correctional Facility in the J-Cell House Unit. Dkt. 11, para. 8.

From 2017 to 2019, the medical staff diagnosed Mr. Hanna with plantar fasciitis and gave him a medical permit to order orthopedic shoes. Dkt. 46-1, p. 16. When the shoes arrived as a special purpose order, Lt. Jackson and Ofc. Houchins confiscated the shoes according to the facility's security policy, which prohibits inmates from possessing gang-colored items. Dkt. 46-2, para. 11. According to this policy, all colors, except neutral colors such as white and black, are typically considered gang colors and are therefore prohibited. *Id.* at para. 9. If an inmate receives a gang-colored item in the mail, it is standard procedure to confiscate the item before the offender comes into possession of the item. *Id.* at para. 8. Lt. Jackson filed an official report documenting this confiscation, and Mr. Hanna received due notice of the confiscation. *Id.* at para. 11. Mr. Hanna was given recourse to return and exchange the confiscated shoes for neutral-colored replacements.

In August 2019, after availing himself of the facility's grievance process, Mr. Hanna attempted to order a new pair of shoes through the medical department. Dkt. 46-1, p. 18. The medical department, which was overseen by Wexford of Indiana, LLC, denied the request. *Id.* at 19. In March 2020, when Mr. Hanna again attempted to reorder the shoes, Aaron Smith, the executive administrative assistant of the prison, instructed Mr. Hanna that he could reorder the shoes in either white or black in accordance with the prison's security policy. *Id.* at p. 21. However, Mr. Hanna was not able to reorder shoes at that specific time because of the facility's prohibition on outgoing mail at the beginning of the Covid-19 pandemic. *Id.* at 21-22.

### III. DISCUSSION

#### A. Eighth Amendment Claims

##### 1. Deliberate Indifference Standard

At all times relevant to his claims, Mr. Hanna was a convicted offender. Accordingly, his medical treatment is evaluated under standards established by the Eighth Amendment's proscription against the imposition of cruel and unusual punishment. *See Helling v. McKinney*, 509 U.S. 25, 31 (1993) ("It is undisputed that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment.").

"To determine if the Eighth Amendment has been violated in the prison medical context, [courts] perform a two-step analysis, first examining whether a plaintiff suffered from an objectively serious medical condition, and then determining whether the individual defendant was deliberately indifferent to that condition." *Petties v. Carter*, 836 F.3d 722, 727–28 (7th Cir. 2016) (en banc). "[C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed [and] decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal quotations omitted).

##### 2. Analysis

The defendants concede that Mr. Hanna suffered from an objectively serious medical condition. Dkt. 45, p. 8. However, they argue that summary judgment should be granted because there is no evidence that they were deliberately indifferent to that serious medical need. *Id.* Although they confiscated Mr. Hannah's orthopedic shoes, they did so in accordance with the facility's security policy that prohibited inmates from possessing shoes in colors other than white

or black. *Id.* They also provided notice of the confiscation to Mr. Hanna and to the facility's medical staff, which allowed Mr. Hanna to order another pair of orthopedic shoes in a compliant color. *Id.*

The Court agrees that the evidence does not support a reasonable finding that Lt. Jackson or Officer Houchins were deliberately indifferent to Mr. Hanna's serious medical need. Their decision to confiscate Mr. Hanna's orthopedic shoes was not motivated by recklessness or a desire to inflict harm. To the contrary, the confiscation was required by the prison's security policy. The Seventh Circuit has held that a custody officer is not deliberately indifferent for following the requirements of the facility's security policy, even when the policy negatively impacts the prisoner's serious medical need. *E.g. McGee v. Adams*, 721 F.3d 474, 482 (7th Cir. 2013) (custody officers were not deliberately indifferent to pain in a detainee's legs that was caused by cancer when they forced the detainee to wear iron leg shackles in accordance with the facility's security policy for transporting detainees outside the facility); *Diaz v. Godinez*, 693 F. App'x 440, 445 (7th Cir. 2017) ("An employee who follows the prison's policy of confiscating prescription drugs during a transfer is not personally liable for deliberate indifference.").

Further, the defendants are not personally liable for delays associated with Mr. Hanna's attempt to order a replacement pair of orthopedic shoes in a compliant color. The medical staff allowed him to order these shoes, but the order was delayed by restrictions on outgoing mail at the beginning of the Covid-19 pandemic. There is no evidence that the defendants enacted this policy or otherwise delayed Mr. Hanna's order. The defendants are not personally liable for a delay they did not cause. *See Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) ("Individual liability under § 1983 requires personal involvement in the alleged constitutional deprivation.") (cleaned up). Accordingly, the defendants' motion for summary judgment on Mr. Hanna's Eighth Amendment medical claims is **GRANTED**.

### B.  Due Process Claims

In addition to his Eighth Amendment medical claims, Mr. Hanna is also proceeding in this action on due process claims based on the confiscation of his property without notice. *See* dkt. 12 (screening order) ("the plaintiff's due process and deliberate indifference claims **shall proceed** against Lt. Jackson and Ofc. Houchins) (emphasis in original); *see also Steckenbach v. Vandensen*, 868 F.3d 594, 596 (7th Cir. 2019) ("The proposition that property owners, including inmates, are entitled to notice before their property is destroyed has been established for a long time.")

The defendants have not moved for summary judgment on Mr. Hanna's due process claims. However, under Federal Rule of Civil Procedure 56(f), a district court may "consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute" after giving the parties notice and a reasonable time to respond. Fed. R. Civ. P. 56(f)(3).

In this case, the uncontradicted evidence shows that Mr. Hanna received notice that his orthopedic shoes had been confiscated. Dkt. 46-2, para. 11. Mr. Hanna then had "recourse to return and exchange the confiscated shoes for neutral-colored replacements." *Id.* at para. 12. There is no evidence that the shoes were destroyed or that Mr. Hanna was subjected to the irreplaceable loss of money or property. Also, the Seventh Circuit has held that the Indiana Tort Claims Act provides an adequate post-deprivation remedy for confiscated property, and that this state remedy precludes due process claims under 42 U.S.C. § 1983. *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001).

Based on the uncontradicted evidence and controlling precedent from the Seventh Circuit, the Court finds there are independent grounds apparent from the record to grant summary judgment on Mr. Hanna's due process claims. Mr. Hanna has through **MARCH 11, 2022**, to respond to the Court's proposition. If Mr. Hanna files a response, the defendants will have **FOURTEEN DAYS AFTER RECEIVING SERVICE OF THE RESPONSE** to file a reply. If Mr. Hanna does not file a response,

the Court will grant summary judgment on his due process claims for the defendants, and the action will be dismissed.

### IV. CONCLUSION

The defendants' motion for summary judgment on Mr. Hanna's Eighth Amendment claims, dkt. [44], is **GRANTED**, and these claims are now **DISMISSED**. The Court finds there is an independent ground to grant summary judgment for the defendants on Mr. Hanna's remaining due process claims. In accordance with Federal Rule of Civil Procedure 56(f), Mr. Hanna has through **MARCH 11, 2022**, to respond to the Court's proposition. Failure to meet this deadline will result in summary judgment for the defendants and dismissal of the action.

**IT IS SO ORDERED**.

Date:   2/15/2022

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

STEPHEN HANNA
967422
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

Matthew Jacob Goldsmith
INDIANA ATTORNEY GENERAL
matthew.goldsmith@atg.in.gov

Benjamin Charles Wade
INDIANA ATTORNEY GENERAL
ben.wade@atg.in.gov